# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ERIC PRITCHETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-1406-RWS |
| WARDEN OF ERDCC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eric Pritchett (registration no. 1176335) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, he will be assessed an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will (1) order process to issue as to defendant Unknown Dause in his individual capacity; (2) dismiss this action as to defendant Lisa Jones pursuant to 28 U.S.C. § 1915(e)(2)(B); (3) dismiss this action as to defendants Warden of ERDCC, Dwayne Kemper, Unknown Montgomery, Unknown Strange, Marvin Brawley, Unknown Bailey, and Shawn Owens, because they are not properly joined in this case under

Rule 20(a)(2) of the Federal Rules of Civil Procedure; and (4) deny plaintiff's motion for appointment of counsel.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $.84. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary relief under 42 U.S.C. § 1983 for numerous constitutional violations that allegedly occurred during his incarceration at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"). Named as defendants are the Warden of ERDCC, Dwayne Kemper (Deputy Director, Missouri Department of Corrections), Unknown Montgomery (ERDCC Case Manager), Lisa Jones (ERDCC Inspector General), and ERDCC Correctional Officers Unknown Strange, Marvin Brawley, Unknown Bailey,

Unknown Dause, and Shawn Owens. Plaintiff is suing defendants in both their individual and official capacities.

A review of the complaint reveals that, on pages 8, 9, and 24, plaintiff asserts claims against defendants Unknown Dause and Lisa Jones, arising out of an August 1, 2012 incident. Plaintiff alleges that Dause physically assaulted him while plaintiff was handcuffed. He states that Jones "was made aware of [this] situation with the very same letter listed herein [but] she failed to grant relief or redress."

On pages 9 and 10 of the complaint, plaintiff claims that he was pepper sprayed by "a Sgt." between August 27, 2012, and September 1, 2012. Plaintiff states that he "was then left on [an iron] bench to burn in these chemicals." In addition, plaintiff believes that one of his fingers was broken, for which he never received medical attention. Plaintiff states that defendant Montgomery denied his request to review video cameras that had recorded the event.

On pages 10 and 11 of the complaint, plaintiff asserts a claim against defendant Owens. Plaintiff states that upon being assigned to administrative segregation on October 2, 2012, Owens refused plaintiff his linens and confiscated a "3 pack of Ivory soap, . . . reading books and several other things." In addition, plaintiff claims that Owens physically assaulted him and threatened him.

On pages 11-14 of the complaint, plaintiff claims that defendant Brawley refused to give him a food tray on October 3, 2012. Thereafter, defendants Brawley,

Strange, and Bailey started "bad mouthing" and physically assaulting plaintiff, resulting in serious physical injuries.

## Discussion

**1. Permissive Joinder**

The complaint contains a host of allegations against nine named defendants. At issue is whether the defendants are properly joined in the instant lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

The allegations against defendants Dause and Jones on pages 8, 9, and 24 of the complaint do not pertain to the same defendants or arise out of the same series of

transactions and occurrences as those in the remainder of the complaint. As a result, defendants are not properly joined under Rule 20(a)(2).

Because plaintiff's allegations first address his claims against Dause and Jones, and because defendants are not properly joined under Rule 20(a)(2), the Court will dismiss this action without prejudice as to defendants Warden of ERDCC, Dwayne Kemper, Unknown Montgomery, Unknown Strange, Marvin Brawley, Unknown Bailey, and Shawn Owens. If plaintiff wishes to pursue his claims against these individuals, he must file separate complaints against them, in compliance with the Federal Rules of Civil Procedure.

**2. Section 1915(e)(2)(B) Review - Defendants Dause and Jones**

As set forth on pages 8, 9, and 24 of the complaint, plaintiff alleges that Unknown Dause physically assaulted him while plaintiff was handcuffed, and he claims that Lisa Jones "was made aware of [this] situation with the very same letter listed herein [but] she failed to grant relief or redress."

Plaintiff is suing Dause and Jones in both their individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim

upon which relief can be granted as to defendants Dause and Jones in their official capacities.

Considering plaintiff's individual capacity claims, the Court finds that his allegations against defendant Unknown Dause are sufficient to state a claim for Eighth Amendment violations. Plaintiff's claims against Lisa Jones, however, are legally frivolous and will be dismissed. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

### 3. Plaintiff's Motion for Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. Moreover, it is evident that plaintiff is able to present his claims, because the Court is ordering defendant Dause to respond to plaintiff's claims. Consequently, the motion will be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon

it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants Warden of ERDCC, Dwayne Kemper, Unknown Montgomery, Unknown Strange, Marvin Brawley, Unknown Bailey, and Shawn Owens are **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendant Lisa Jones, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant unknown Dause in his official capacity, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Unknown Dause in his individual capacity, the Clerk shall issue process or cause process to be issued on the complaint.

**IT IS FURTHER ORDERED** that defendant Unknown Dause shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2013.