# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1406-RWS |
| | ) | |
| WARDEN OF ERDCC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Billy Dawes[1] to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. #9]. For the reasons stated below, defendant's motion will be denied.

## Background

Plaintiff, an inmate at the Southeast Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for numerous constitutional violations that allegedly occurred during his incarceration at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"). Plaintiff's claims against defendant Billy Dawes arise out of an August 1, 2012 incident in which Dawes allegedly assaulted

---

[1]According to the Missouri Assistant Attorney General, defendant "Billy Dawes" is the "Unknown Dause" referenced in the complaint [Doc. #8].

plaintiff while plaintiff was handcuffed. Plaintiff states on page three of his complaint that he "filed grievances when they were provided to [him] upon [his] requests, [a]nd [he] sent letters to supervisors when they were not." [Doc. #1, page 5]. He states on page nine of the complaint that he had also filed an IRR relative to the August 1 incident [Doc. #1, page 9].

In his motion to dismiss, defendant Dawes contends that plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. More specifically, defendant claims that "[p]laintiff does not allege that he filed a grievance or a grievance appeal," and that "[p]laintiff does not allege he took any action other than filing an IRR." In addition, defendant has attached an affidavit of the ERDCC grievance officer, Brock LaPlant, as an exhibit to his memorandum in support of the motion to dismiss [Doc. #10-1]. Defendant contends that the affidavit shows plaintiff never filed an IRR, much less a grievance, regarding the August 1, 2012 incident involving Dawes, and therefore, plaintiff failed to fully exhaust his prison remedies.

Although afforded an opportunity to do so [Doc. #12], plaintiff has not filed a response to defendant's motion to dismiss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 555 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotations omitted).

On a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the non-moving party. *See* Fed.R.Civ.P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court may only consider the pleading itself and documents referenced therein. Moreover, if a pleading contains sufficient factual matter, accepted as true, to show potential entitlement to relief, the plaintiff's failure to

respond to a Rule 12(b)(6) motion does not warrant dismissal. *See, e.g., McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000).

## Discussion

Defendant contends that this action should be dismissed pursuant to Rule 12(b)(6), because plaintiff failed to complete the Missouri Department of Corrections' grievance procedures. Specifically, defendant claims that "[p]laintiff does not allege he took any action other than filing an IRR." The court disagrees. As previously noted, plaintiff clearly states that he "filed grievances when they were provided to [him] upon [his] requests, [a]nd [he] sent letters to supervisors when they were not."

Defendant also relies upon, and has attached to his motion to dismiss, a document that is outside the pleadings, and he has not formally moved in the alternative for summary judgment. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the court has discretion to consider such materials in a Rule 12(b)(6) motion to dismiss and convert the motion to one for summary judgment. Here, however, in light of plaintiff's incarceration and pro se status, as well as the lack of any discovery to date, the court declines to convert defendant's motion to dismiss. *See Dowdy v. Hercules*, 2010 WL 169624 at *4 (E.D. N.Y. 2010) (refusing to convert Rule 12(b)(6) motion to a motion for summary judgment

where plaintiff was a pro se prisoner and had not yet had an opportunity to conduct discovery); *see also Perez v. Hawk*, 302 F. Supp.2d 9, 16 (E.D. N.Y. 2004) (same; where plaintiff was pro se prisoner asserting a *Bivens* claim for inadequate medical care).

Given that defendant's motion to dismiss rests solely upon an erroneous claim that "[p]laintiff does not allege he took any action other than filing an IRR," and evidence pertaining to plaintiff's ERDCC grievance file, which has now been excluded from consideration, the Court finds no evidence to test the legal sufficiency of the complaint. Thus, at this time, and viewing plaintiff's allegations in a light most favorable to him, the Court will accept as true plaintiff's assertion that he filed an IRR, as well as "grievances when they were provided to [him] upon [his] requests, [a]nd [he] sent letters to supervisors when they were not." For these reasons, defendant's motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #9] is **DENIED**, without prejudice.

Dated this 27th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE